FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 05 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

## I. INITIAL DISCLOSURES

**A. Plaintiff's Initial Disclosures.**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

v.                          Civil Action No. 1:25-cv-02404-SEG-CCB

## PLAINTIFF'S INITIAL DISCLOSURES

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

This is an ~~ADA~~ ADA employment discrimination case. Plaintiff contends that ~~defendant~~ defendant failed to provide reasonable accommodations, retaliated after protected activity, and wrongfully terminated Plantiff. Legal issues include failure to accommodate and ~~retalation~~ retaliation under the ADA.

(Rev. 03/01/11)                              APP.B - 2

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

*This action is based on the Americans With Disabilities Act (42 U.S.C. §12101 et seq.), including its provisions on Reasonable Accommodation and Retaliation.*

(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying


as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

Plaintiff seeks lost wages, emotional distress, and reputational damages. Supporting documents include pay records, contract and communications. A full computation will be provided during discovery.

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.

NONE

(Rev. 03/01/11)                           APP.B - 4

## Attachment A – Witness List
Plaintiff: Jeromie T. Folson

Case No. 1:25-cv-02404-SEG-CCB

The following individuals are likely to have discoverable information related to the denial of Plaintiff's request for accommodation under the Americans with Disabilities Act (ADA):

**Jeromie T. Folson**
Subject: Plaintiff; requested accommodation to work remotely two days per week due to caregiver obligations for his daughter with a disability.

**Dr. Watson** – Former Superintendent, The RISE Charter School
Phone: (404) 386-6407
Subject: Familiar with Plaintiff's work history, original remote work arrangement, and effectiveness of that accommodation during prior term.

**James Konwrwo** – IT Technician under Plaintiff
Phone: (678) 687-0248
Subject: Knowledge of Plaintiff's ability to work remotely, technical tasks performed, and any operational issues tied to remote access.

**Lara Sterling** – Former Board Chair, The RISE Charter School
Subject: Participated in or was informed of the denial of Plaintiff's accommodation request and ultimate employment termination.

**Sheehan Solomon** – Former Board Treasurer, The RISE Charter School
Subject: May have knowledge of internal board decisions, communications, or discussions relating to Plaintiff's accommodation request and employment status.

**Heather Robinson** – HR Consultant, Cross & Dot
Phone: (404) 754-3570
Subject: Handled contract communications with Plaintiff; communicated the revocation of remote work status, and was involved in documentation of employment status.

## Attachment C – Document List
Plaintiff: Jeromie T. Folson

Case No. 1:25-cv-02404-SEG-CCB

The following documents may be used to support Plaintiff's claims:

**Plaintiff's formal written appeal requesting continued remote work due to caregiver responsibilities**
Location: Plaintiff's email records

**FY25 contract and accompanying message from HR indicating remote work would no longer be allowed**
Location: Plaintiff's email archive

**Employment contract(s)**
Location: Plaintiff's personal and digital records

**EEOC Charge of Discrimination and Right to Sue Letter**
Location: Plaintiff's legal files

**Payroll documents and termination communications**
Location: Plaintiff's HR records and email correspondence

## Attachment D – Damages

Plaintiff: Jeromie T. Folson

Case No. 1:25-cv-02404-SEG-CCB

Plaintiff seeks the following categories of damages, which will be further supported and quantified during discovery:

### Back Pay
Full compensation for lost salary, benefits, and retirement contributions from the date of termination (August 2024) through the present.

### Front Pay (Future Lost Earnings)
Projected loss of future income and benefits due to Defendant's actions and the resulting career disruption. Plaintiff reserves the right to seek at least one to two years of front pay, or more, based on comparable job market conditions and reinstatement unavailability.

### Emotional Distress and Mental Anguish
Compensation for the psychological and emotional impact of Defendant's discriminatory conduct, wrongful termination, and its effect on Plaintiff's role as a caregiver to a child with a disability.

### Loss of Professional Reputation and Career Advancement
Damages related to reputational harm, stalled career progression, and reduced future earning potential caused by Defendant's actions.

### Punitive Damages
To punish and deter willful and malicious conduct in violation of federal law, including the ADA. Plaintiff reserves the right to pursue the maximum allowable punitive damages under applicable law.

### Attorneys' Fees and Legal Costs (if represented or awarded)
Plaintiff reserves the right to recover reasonable attorneys' fees, expert witness costs, and litigation-related expenses, as allowed by law.

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 0 5 2025

KEVIN P. WEIMER, Clerk
By: ___ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PLAINTIFF'S INITIAL DISCLOSURES

Civil Action No.: 1:25-cv-02495-SDG-CCB

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case, and a succinct statement of the legal issues in the case.

Plaintiff asserts claims under the Americans with Disabilities Act (ADA), specifically involving the denial of a reasonable accommodation, disability discrimination, and retaliation. Plaintiff requested an accommodation to work remotely due to disability. Plaintiff's request was denied, and Plaintiff was later terminated, which the Plaintiff believes was discriminatory and retaliatory in nature.

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

The applicable statute is the Americans with Disabilities Act (ADA), specifically provisions related to reasonable accommodation and retaliation.

(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information.

See Attachment A – Witness List

(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

None at this time.

(5) Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts.

See Attachment C – Document List

(6) In the space provided, a computation of any category of damages claimed by you.

See Attachment D – Damages Summary

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment.

None

(8) Disclose the full name, address, and telephone number of all persons, firms, partnerships, corporations, and other legal entities who have a subrogation interest.

None



## 2024-2025 Employment Agreement

THIS AGREEMENT is made by and between The RISE Schools, hereinafter referred to collectively as "The School," and Jeremy Folson, hereinafter referred to as the "Employee."

**1. Employment:** The School employs Jeremy Folson Director of Technology at The School, and the Employee accepts employment on the following terms and conditions:

**2. Terms:** Employee is designated as Principal. Employee shall be employed on an "at will" basis, as provided in paragraph 10 hereof. Employee will begin employment on July 1, 2024, and end after post planning for the 2024-2025 academic year, subject to paragraph 10, and Employee's at will status.

**3. Provisions:** a) The Employee will report to the Executive Director or his/her designee; b) The Employee will officially be an employee of The School. The Employee shall be subject to all policies set forth in the employee handbook, which may be modified from time to time.

**4. Duties:** The Employee's duties shall include those delineated in the job description corresponding to the job title, as it may be modified from time to time. In addition, the Employee may be asked to perform other duties as directed by Executive Director or his/her designee.

**5. Parameters:** During his/her employment, the Employee must be available to work on all scheduled instructional and professional development days. The Employee shall devote working time and attention to the performance of the duties assigned to the position's job description at the discretion of the Executive Director or his/her designee.

**6. Compensation:** The Employee's compensation shall be based on an annual salary of $99,000.00 divided by 24 pay periods (salary pro-rated for faculty employed after the start of the school year). For Teachers, the prorated amount is based on the number of Teacher workdays actually employed. For 12-month employees, amount is based on the period the Employee is actually employed. If the Employee's service terminates for any reason prior to the end of the academic year, the School shall pay the Employee the prorated amount earned. The Employee shall be paid on the 15th and the last day of the month beginning July 1, 2024, and ending June 30, 2025, unless the Employee's employment is terminated earlier subject to paragraph 10.

**7. Benefits:** The Employee and his/her spouse/domestic partner and dependents shall be entitled to participate in the standard benefits package offered to full-time employees of The School, as it may be modified from time to time. This coverage may include health, dental, vision, life and disability insurance and participation in the Georgia Teachers' Retirement System. The Employee may also choose to decline benefits, except those required by law. The School reserves the right to eliminate or modify any of its benefits and eligibility requirements at any time.

**8. Regulatory Requirements:** The Employee's employment is contingent upon successful completion of a background check including criminal and child abuse checks, FBI fingerprint checks, as well as proof of

KH533589.DOCX

authorization to legally work in the United States. The Employee is expected to comply with all rules and procedures set forth in the Employee Handbook while in employment of The School.

**9. Evaluation**: The Employee shall perform his/her duties as detailed in the job description corresponding to the job title, as it may be modified from time to time. The Executive Director or designee shall meet with the Employee during the year to discuss his/her job performance and will provide an annual evaluation of the Employee's job performance through an evaluation tool aligned with the job description and goals and measures set forth by the School.

**10. Termination:** Because employee's employment is "at will," the School may terminate this agreement with or without cause at any time. Employee may also terminate this employment. However, in the interest of students, Employee agrees to provide 30 days advance written notice to the Principal and Executive Director. Failure by Employee to provide the requisite notice may result in the School's incursion of the costs of replacing the Employee on an interim basis and other expenses associated with Employee's expedited replacement. Because these costs are impossible to compute and ascertain with certainty, and because liquidated damages represent a fair, reasonable, and appropriate estimate thereof, in lieu of actual damages, if Employee fails to provide the requisite written notice to the School, Employee may be required to pay the School $750 to account for these costs, which may be withheld from Employee's final paycheck.

**11. Renewal:** The Employee and The School reserve the right to renew or not renew this AGREEMENT at the end of the school year on an at-will basis.

**12. Integration:** This AGREEMENT constitutes the entire agreement of the parties relating to the subject matter addressed in this AGREEMENT. This AGREEMENT supersedes all prior communications, contracts, or agreements between the parties with respect to the subject matter addressed in this AGREEMENT, whether oral or written.

Please indicate your agreement to the aforementioned by signing in the space provided below.

Name: _Jeromie T. Folson_              Name: _Dr. Celeta Watson_
       Employee                                 Executive Director

Signature: _[signature]_                Signature: _[signature]_
           Employee                                Executive Director

Date: _04-15-24_                        Date: _4-15-2024_

KH533589.DOCX